UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrice Sawyers,<br><br>              Petitioner,<br><br>vs.<br><br>Mrs. L. R. Thomas,<br><br>              Respondent. | C/A No. 5:15-cv-00281-TMC-KDW<br><br>REPORT AND RECOMMENDATION |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prisoner appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    I.    Factual and Procedural Background

This is the second § 2241 Petition that Tyrice Sawyers ("Petitioner") has submitted to this court in less than one year challenging a 300-month sentence imposed in 2001 by the United States District Court for the Middle District of Tennessee ("the sentencing court"). Pet. 3, ECF No. 1. On September 9, 2014, this court summarily dismissed Petitioner's first § 2241 petition upon a holding that binding precedent from the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") precluded a federal prisoner's resort to § 2241 to challenge the validity of a sentence that was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on the sentencing court's consideration of Petitioner's prior state-court

convictions. *Sawyers v. Thomas*, No. 5:14-2135-TMC ("*Sawyers I*") (ECF No. 30). The background facts regarding Petitioner's conviction and sentence and his previous attempts to challenge the underlying validity of his sentence are included in both the Report and Recommendation and in the Order adopting the Report and Recommendation. *Sawyers I*, ECF Nos. 21, 30. Those background facts will not be repeated here. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Comparison of the petition and supporting memoranda reviewed in *Sawyers I* with the Petition now under review in this case shows that the facts stated and most of the legal argument contained in the documents submitted in both cases are nearly identical. The only significant difference between Petitioner's contentions in *Sawyers I* and in this case is his current assertion that under a 2014 order from the United States Supreme Court, this court's *Sawyers I* ruling "is incorrect." ECF No. 1-1 at 2 (citing "Ian andre Persaud, Superme [sic] Court No. 13-6435"). *See Persaud v. United States*, 134 S. Ct. 1023 (2014) (vacating a Fourth Circuit opinion that affirmed a Western District of North Carolina decision); *see also United States v. Persaud*, 517 F. App'x 137 (4th Cir. 2013), *aff'ing*, Nos. 3:01-CR-36-FDW-7, 3:12-CV-509-FDW (W.D.N.C. Nov. 26, 2012).

Although Petitioner refers to "*Persaud*" and liberally paraphrases from the United States Solicitor General's Supreme Court brief, major portions of his memoranda in support of his Petition in this case are nearly identical to the memoranda he submitted in *Sawyers I*. The identical facts and closely similar legal argument contained in both cases before this court show that Petitioner continues to assert the argument he made unsuccessfully *Sawyers I*: that his

enhanced sentence should be vacated by this court because several opinions issued from the United States Supreme Court and from some circuit courts of appeals since the conclusion of his direct appeal and initial § 2255 motion would now preclude the sentencing court from using three of his prior state convictions (statutory rape, facilitating a burglary, and retaliation for past actions) as support for an ACCA-enhanced sentence. *See, e.g.*, *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Descamps v. United States*, 133 S. Ct. 2276 (2012); *Johnson v. United States*, 559 U.S. 133 (2010); *Chambers v.* v. *United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008); *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014) (Alabama's third-degree burglary not a violent felony for ACCA purposes); *United States v. Vanhook*, 640 F.3d 706 (6th Cir. 2011) (Tennessee's facilitating-a-burglary count not a violent felony for ACCA purposes); *United States v. Bartee*, 529 F.3d 357 (6th Cir. 2008) (Michigan's statutory rape count not a crime of violence for sentencing guidelines purposes); *United States v. Evans*, 378 F. App'x 485, 490 (6th Cir. 2010) (Tennessee statutory rape count not a crime of violence for sentencing guidelines purposes). *See, e.g.*, ECF No. 1-1 at 1, 10-11, 16-20, 22. Nothing in the Petition now under review indicates Petitioner sought permission from the Sixth Circuit Court of Appeals to file a successive § 2255 motion in the sentencing court before filing this second § 2241 Petition in this court.

    II.    Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

The Petition under review is subject to summary dismissal for the same reasons that the *Sawyers I* petition was dismissed: current Fourth Circuit precedent does not permit a federal prisoner to rely on the § 2255 savings clause to challenge the validity of an ACCA-enhanced sentence through use of a § 2241 petition. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th

Cir. 2008); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011). Although Petitioner now contends that this court's previous dismissal of his § 2241 petition in *Sawyers I* "was incorrect" allegedly because of the United States Supreme Court's recent order on a petition for writ of certiorari, ECF No. 1-1 at 2, Petitioner incorrectly analyzes the Court's ruling. Petitioner paraphrases extensively from the contents of the Solicitor General's brief before the Supreme Court in his supporting memorandum in this case and implies that the legal arguments made by the Solicitor General in his brief are actually the words of the Supreme Court when he states,

> [a]round June 10, 2014 petitioner challenged these same issues & enhanced sentence rather than his conviction by filing a 2241 motion & was denied by this court as the savings clause relief was unavailable & the 4th cir. did not recognize an entitlement to proceed under 2241 when challenging a sentence contending that the remedy under 2255 is inadequate or ineffective & the savings clauce [sic] only preserves claims in which petitioner alleges actual innocence of his conviction *which the Supreme Court in Peraaud* [sic] *ruled to be incorrect.*

ECF No. 1-1 at 3-4 (emphasis added); *see* Brief for the United States, *Persaud v. United States*, 134 S. Ct. 1023 (2014) (No. 13-6435), 2013 WL 7088877 (Dec. 20, 2013). However, it is clear that Petitioner misapprehends and exaggerates the limited nature of Supreme Court's order in *Persaud*.

The Supreme Court's order in *Persaud* is one paragraph long, it does not overrule existing Fourth Circuit precedent, and did not rule this court's decision in *Sawyers I* "to be incorrect."[1] The Supreme Court did not rule on the merits of the petitioner's and the United States' arguments against application of the Fourth Circuit's *Poole* line of cases, nor did it

---

[1] The Supreme Court's *Persaud* order, in its entirety, states: "On petition for writ of certiorari to the United States Court of Appeals for the Fourth Circuit. Motion of petitioner for leave to proceed *in forma pauperis* and petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Fourth Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013."

express any opinion on whether those cases correctly interpreted and applied the law applicable to the § 2255 savings clause or to § 2241 subject-matter jurisdiction. Instead, it simply vacated the Fourth Circuit's affirmance of a Western District of North Carolina decision which had held, in reliance on the Fourth Circuit's *Poole* line of cases, that a § 2241 petition could not be used by a federal prisoner to challenge the validity of an enhanced sentence (mandatory minimum life sentence under 21 U.S.C. §§ 841(b)(1)(A), 851). The Court remanded the case to the Fourth Circuit for "further consideration" because the United States, through the Solicitor General, changed its legal position on the issue when the case reached the Supreme Court level.[2] *Persaud v. United States*, 134 S. Ct. 1023. When it received notification that the Supreme Court had vacated its opinion, the Fourth Circuit remanded the case to the Western District of North Carolina "for further proceedings" without discussion of the merits of the petitioner's and United States' arguments before the Supreme Court. *Persaud v. United States*, No. 12-8068 (4th Cir. May 7, 2014) (ECF No. 25).[3] As of the time of this Report, the case remains pending in the district court. *Persaud v. USA*, No. 3:12-cv-00509-FDW (W.D.N.C.); *see Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

Because the Supreme Court's limited ruling on the petition for certiorari in *Persaud* does not change the state of existing Fourth Circuit precedent that was cited and relied on to summarily dismiss the § 2241 petition in *Sawyer*s *I*, Petitioner fails to show that this court should

---

[2] According to the United States' brief before the Supreme Court, the Government "took a different position in the district court and took no position on [the Fourth Circuit] appeal . . . ." 2013 WL 7088877, at 22 (footnote omitted).

[3] The Fourth Circuit's remand order states in pertinent part: "Upon consideration of the materials before the court, we deny a certificate of appealability and dismiss the appeal as to the district court's dismissal of the § 2255 claim as successive; grant the motion to remand; and remand the case for further proceedings. We express no view on the merits of Persaud's petition."

now consider his sentencing challenge by way of a second § 2241 Petition. As he was told in *Sawyers I*, under current Fourth Circuit precedent, Petitioner's challenge to the validity of his ACCA-enhanced sentence may not be raised in this court through a § 2241 petition brought under the savings clause of § 2255 or otherwise. *See United States v. Poole*, 531 F.3d at 267 n.7; *Farrow v. Revell*, 541 F. App'x at 328; *Darden v. Stephens*, 426 F. App'x at 174; *see also Mason v. Thomas*, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at **4-5 (D.S.C. Dec. 16, 2014) (applying *Poole* and distinguishing *Persaud* factually as involving a mandatory life sentence under § 851, rather than a sentencing guidelines-enhanced sentence); *Holman v. Thomas*, 1:14-cv-2554–RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 03, 2014) (same; ACCA-enhanced sentence).

    IV.    Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

March 3, 2015                                                                  Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).