IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tyrice Sawyers, | ) | |
| | ) | Civil Action No. 5:15-281-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mrs. L.R. Thomas, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tyrice Sawyers is a federal inmate currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice. (ECF No. 7). Petitioner was advised of his right to file objections to the Report (ECF No. 7 at 8), and he filed timely objections. (ECF No. 11).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] This is the second § 2241 Petition filed by Petitioner. *See Sawyers v. Thomas*, C/A No. 5:14-2135-TMC. From the court's review of that action, Petitioner did not argue that *Persaud v. United States*, 134 S. Ct. 1023 (2014), requires the court to allow him to challenge his sentence under § 2241, even though the Supreme Court's order was filed on January 27, 2014, and he filed that § 2241 Petition on June 3, 2014.

Petitioner's objections fail to address any specific, dispositive portion of the Report. The objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Petitioner's claims. The court has thoroughly reviewed the Report and Petitioner's objections and finds no reason to deviate from the Report's recommended disposition.

Accordingly, the court adopts the Report (ECF No. 7) and incorporates it herein. It is therefore **ORDERED** that the habeas petition is **DISMISSED** without prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 1, 2015
Anderson, South Carolina